In the United States District Court
Southern District of Texas
Houston Division

James Amick,

      *Plaintiff,*

v.

Seacret Spa, LLC,
Seacret Spa Retail, LLC
Dani Solomon, and
Maya Naggar

      *Defendant*s

Civil Action No. _____


Jury Demanded

**Defendants, Seacret Spa, LLC, Dani Solomon, and Maya Naggar's
Notice of Removal**

To the Honorable United States Court District Judge:

      Defendant, Dani Solomon, through the assistance of the undersigned counsel of record, files this Notice of Removal.   In support thereof, Defendant respectfully shows the Honorable Court as follows:

### I.      Introduction

      1.      Plaintiff filed his state court action against Defendants, Seacret Spa, LLC, Seacret Spa Retail, LLC, Dani Solomon, and Maya Naggar, in Brazos County, Texas, on April 28, 2015.[1]   The case was docketed as Cause No. 15-001042-CV-CCL1, *James Amick v. Seacret Spa, LLC, Seacret Spa Retail, LLC,*

---

[1] *See* Plaintiff's Original Petition, a copy of which is attached as Exhibit C-1.

*Dani Solomon, and Maya Naggar,* in the County Court at Law No. 1, Brazos County, Texas.

      2.     On or about April 30, 2015, Plaintiff filed his First Amended Petition.[2]

      3.     Plaintiff made a jury demand in his both his Original and First Amended Petition.

      4.     Defendant Dani Solomon was served with Plaintiff's First Amended Petition on May 26, 2015.[3]

      5.     On June 19, 2015, Defendants Seacret Spa LLC, Dani Solomon, and Maya Naggar filed a Motion to Transfer Venue, and subject to that motion, their Original Answer.

      6.     Plaintiff's claims against Defendants include negligence and negligent entrustment.

      7.     These claims arise out of a motor vehicle accident on or about April 29, 2013, in which Plaintiff alleges he was traveling westbound on 19th Street in Lubbock, Texas, in the far right lane.  Plaintiff alleges that Defendant Naggar was traveling in the lane next to Plaintiff, and attempted to make a right-hand turn from her lane directly in front of Plaintiff, causing the motor vehicle accident.

      8.     Plaintiff's Petition seeks reasonable and necessary past and future medical expenses; past and future physical pain and suffering; past and future

---

[2] See Ex. C-2.

[3] *See id.*

mental anguish; past and future physical impairment; property damages, consequential damages; costs of suit; and prejudgment and post-judgment interest.[4]

9.      Defendant's Notice of Removal is timely as it was filed within 30 days of when Defendant Solomon was served.

10.      Additionally, Defendant's Notice of Removal is timely as it is filed within 30 days of when it was first ascertainable that the case could be removed based upon diversity jurisdiction.  *See* 28 U.S.C. § 1446(b)(3); *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006); *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *4 (W.D. Tex. 2008) (not designated for publication).

11.      The one-year deadline on removal for diversity cases under 28 U.S.C. § 1446(c) has not elapsed.

## II.      The Parties

12.      Plaintiff James Amick is an individual who resides in Tarrant County, Texas.

13.      Defendant Seacret Spa, LLC, is a foreign corporation organized and existing under the laws of the state of Arizona.  Its principal place of business is located at 2619 E. Chambers Street, Phoenix, Arizona, 85040.    Plaintiff acknowledged that Defendant Seacret Spa, LLC, was organized and based in the

---

4 *See* Exhibits C-1 and C-2 (Plaintiff's First Amended Petition) .

state of State of Arizona in both his Original and First Amended Petitions. Therefore, Defendant Seacret Spa, LLC, is a citizen of the state of Arizona.

14.    Defendant Seacret Spa Retail, LLC, is a foreign corporation organized and existing under the laws of the state of Arizona.  Its principal place of business is located at 2619 E. Chambers Street, Phoenix, Arizona, 85040. Plaintiff acknowledged that Defendant Seacret Spa Retail, LLC, was organized and based in the state of State of Arizona in both his Original and First Amended Petitions.  Therefore, Defendant Seacret Spa Retail, LLC, is a citizen of the state of Arizona.  **At this time, Defendant Seacret Spa Retail, LLC, has not been served nor has it made an appearance in this matter.**

15.    Defendant Dani Solomon was served at 2619 E. Chambers Street, Phoenix, Arizona, 85040.  Plaintiff acknowledges that Mr. Solomon is a "non-resident of Texas" in Plaintiff's First Amended Petition.  Therefore, Defendant Dani Solomon, is a citizen of the state of Arizona.

16.    Defendant Maya Naggar is a citizen of Israel.    Plaintiff acknowledges that fact in his First Amended Petition.  Therefore, Defendant Dani Solomon, is a citizen of Israel.

### III.    Basis for Removal

**A.    Removal Standard**

17.    District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).  Any civil action brought in a state court of which

the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending. *See* 28 U.S.C. § 1441(a).

18.    For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the state in which it is incorporated as well as the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009). With regard to determining whether diversity jurisdiction is present, citizenship is determined at the time the state court suit was filed. *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

19.    Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state as one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

20.    For suits involving multiple defendants, 28 U.S.C. § 1446(b), the removal statute, has been interpreted to require that all defendants who have been served timely join in the notice of removal by either signing the notice or by filing a written consent before the expiration of the 30-day deadline for filing. *Moreno Energy, Inc. v. Marathon Oil Co.*, No. H-11-4518, 2013 WL 2295423, *5 (S.D. Tex. May 22, 2013).

**B.      Removal of the State Court Action to Federal Court is Appropriate**

21.      Plaintiff is a citizen of Texas; Defendants Seacret Spa, LLC, Seacret Spa Retail, LLC, and Dani Solomon are citizens of Arizona.  Defendant Maya Naggar is a citizen of Israel.  As a result, there is complete diversity among the parties and removal is appropriate on the basis of diversity jurisdiction.

22.      Removal is additionally appropriate under diversity jurisdiction, as the amount in controversy, exclusive of interest and costs, exceeds $75,000.

23.      While Plaintiff's Original and First Amended Petitions do not specify the exact amount of damages he is seeking, Plaintiff does acknowledge that he is seeking "only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees." This is a personal injury case in which Plaintiff seeks damages for Defendants' alleged negligence. Both Plaintiff's Original Petition and his First Amended Original Petition assert that discovery is to be conducted under Level 3.[5]

24.      Plaintiff seeks damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, and past and future lost wages.[6]  Given the nature of the claims against Defendants, the alleged damages in this action appear to clearly exceed $75,000, exclusive of interest and costs.

25.      If a suit is removable when it is filed, the defendant must file the notice of removal within 30 days after receiving both the summons and a copy of

---

[5] *See* Exhibits C-1 and C-2.

[6] *Id.*

the complaint.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

26.     Defendants' Notice of Removal has been filed in a timely manner. This Notice of Removal is filed no more than 30 days after Defendant Dani Solomon was served with the complaint on May 26, 2015.

27.     Additionally, Plaintiff's First Amended Original Petition seeks damages of up to $100,000.00.[7] When a plaintiff's monetary demand is stated in the complaint, a defendant can rely on that allegation to meet the federal court's jurisdictional requirement.  *See S.W.S. Erectors, Inc. v. Influx, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).

28.     A case may be removed within 30 days after receipt by the defendant of a pleading, motion, or other paper from which it may be ascertained that the case is removable.  *See* 28 U.S.C. § 1446(b)(3); *Braud v. Transport Service Co. of Illinois,* 445 F.3d 801, 805 (5th Cir. 2006); *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *4 (W.D. Tex. 2008) (not designated for publication).  However, removal in a diversity matter must be initiated within a maximum period of one year from the date the state court action was commenced.  *See* 28 U.S.C. § 1446(c)(1); *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 425-426 (5th Cir. 2003).

29.     Defendants' Notice of Removal has been filed in a timely manner. This Notice of Removal is filed no more than 30 days after Defendant Dani

---

[7] *See* Exhibit C-2.

Solomon was served with the First Amended Petition.   Furthermore, less than one year has elapsed since the state court action was originally filed.

### IV.     Jurisdiction and Venue

30.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

31.     Venue is appropriate in the Southern District of Texas, Division of Houston under 28 U.S.C. § 1441(a) because this district and division encompass Brazos County where the state court action is pending.

### V.     FRCP Rule 38 Jury Demand

32.     A jury trial is demanded on all issues presented in this case.

### VI.     Required Documents

33.     Pursuant to 28 U.S.C. 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, Defendant attaches hereto copies of all pleadings, process, orders, and other filings in the state court action as well as the state court action's docket sheet.

34.     Pursuant to Rule 81(6) of the Local Rules of the Southern District of Texas, Defendants attach hereto a List of All Counsel of Record (Exhibit E).

### VII.     Required Notice

35.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the Harris County District Clerk's Office.

## VIII.   Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Defendants, Seacret Spa LLC, Dani Solomon, and Maya Naggar, respectfully request that the Honorable Court remove this action to the United States District Court for the Southern District of Texas.   Defendants additionally pray for such further relief, at either law or equity, to which it may prove itself to be justly entitled.

Respectfully submitted,

BROWN SIMS

/s/Michael D. Williams
Michael D. Williams
Texas Bar No. 21564330
Federal I.D. No: 6982
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)

*Attorney for Defendants, Seacret Spa
LLC, Dani Solomon, and Maya Naggar*

OF COUNSEL:

BROWN SIMS

Melanie G. Fordyce
Texas Bar No. 24067602
Federal ID No. 1179595

## Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure as well as the Southern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on this the 22nd day of June, 2015.

> David Kallus
> 8000 Research Forest
> Suite 115, No. 201
> The Woodlands, Texas 77382
> 713.202.2524
> 281.292.1429 fax
>
> *Attorney for Plaintiff*

/s/Michael D. Williams
Michael D. Williams
