CAUSE NO. 15-001042-CV-CCL1

| | | |
|---|---|---|
| JAMES AMICK, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | OF BRAZOS COUNTY, TEXAS |
| | § | |
| SEACRET SPA, LLC, | § | |
| SEACRET SPA RETAIL, LLC, | § | |
| and DANI SOLOMON, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, James Amick, files this original petition against Defendants, and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### B. RELIEF

2. Plaintiff seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses prejudgment interest, and attorney fees.

### C. PARTIES

3. Plaintiff is an individual residing in Tarrant County, Texas.

4. Defendant Seacret Spa, LLC, a foreign limited liability company organized and existing under the laws of the State of Arizona, whose home office is located at 3533 E. Corona Ave., Phoenix, AZ 85040, may be served with process *by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its*

1



*agent for service* because defendant transacts business in this state without being registered as required by Chapter 9 of the Texas Business Organizations Code, *Tex. Bus. Org. Code* § 5.251(2)(B), and also because Defendant is required by statute to designate or maintain a registered agent, *Tex. Bus. Org. Code* § 5.201(a)(1), or engages in business in this state but has not designated or maintained a resident agent for service of process in Texas as required by statute. *Tex. Civ. Prac. & Rem. Code* §§ 17.044(a)(1), 17.045.

5. Defendant Seacret Spa Retail, LLC, a foreign limited liability company organized and existing under the laws of the State of Arizona, whose home office is located at 2619 E. Chambers St., Phoenix, AZ 85040, may be served with process *by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service* because defendant transacts business in this state without being registered as required by Chapter 9 of the Texas Business Organizations Code, *Tex. Bus. Org. Code* § 5.251(2)(B), and also because Defendant is required by statute to designate or maintain a registered agent, *Tex. Bus. Org. Code* § 5.201(a)(1), or engages in business in this state but has not designated or maintained a resident agent for service of process in Texas as required by statute. *Tex. Civ. Prac. & Rem. Code* §§ 17.044(a)(1), 17.045.

6. Defendant Dani Solomon, an individual who is a nonresident of Texas, whose usual place of business is 2619 E. Chambers St., Phoenix, AZ 85040, may be served with process at that address.

## C. VENUE

7. Venue is proper in Brazos County because Defendants Seacret Spa, LLC and Seacret Spa Retail, LLC are foreign limited liability companies that maintain a principal office in Texas in Brazos County, Texas. *Tex. Civ. Prac. & Rem. Code,*

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES AMICK, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | OF BRAZOS COUNTY, TEXAS |
| | § | |
| SEACRET SPA, LLC, | § | |
| SEACRET SPA RETAIL, LLC, | § | |
| and DANI SOLOMON, | § | |
| | § | |
| Defendants. | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, James Amick, files this original petition against Defendants, and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### B. RELIEF

2. Plaintiff seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, court costs, expenses prejudgment interest, and attorney fees.

### C. PARTIES

3. Plaintiff is an individual residing in Tarrant County, Texas.

4. Defendant Seacret Spa, LLC, a foreign limited liability company organized and existing under the laws of the State of Arizona, whose home office is located at 3533 E. Corona Ave., Phoenix, AZ 85040, may be served with process *by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its*

1

*agent for service* because defendant transacts business in this state without being registered as required by Chapter 9 of the Texas Business Organizations Code, *Tex. Bus. Org. Code* § 5.251(2)(B), and also because Defendant is required by statute to designate or maintain a registered agent, *Tex. Bus. Org. Code* § 5.201(a)(1), or engages in business in this state but has not designated or maintained a resident agent for service of process in Texas as required by statute. *Tex. Civ. Prac. & Rem. Code* §§ 17.044(a)(1), 17.045.

5. Defendant Seacret Spa Retail, LLC, a foreign limited liability company organized and existing under the laws of the State of Arizona, whose home office is located at 2619 E. Chambers St., Phoenix, AZ 85040, may be served with process *by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service* because defendant transacts business in this state without being registered as required by Chapter 9 of the Texas Business Organizations Code, *Tex. Bus. Org. Code* § 5.251(2)(B), and also because Defendant is required by statute to designate or maintain a registered agent, *Tex. Bus. Org. Code* § 5.201(a)(1), or engages in business in this state but has not designated or maintained a resident agent for service of process in Texas as required by statute. *Tex. Civ. Prac. & Rem. Code* §§ 17.044(a)(1), 17.045.

6. Defendant Dani Solomon, an individual who is a nonresident of Texas, whose usual place of business is 2619 E. Chambers St., Phoenix, AZ 85040, may be served with process at that address.

### C. VENUE

7. Venue is proper in Brazos County because Defendants Seacret Spa, LLC and Seacret Spa Retail, LLC are foreign limited liability companies that maintain a principal office in Texas in Brazos County, Texas. *Tex. Civ. Prac. & Rem. Code*,

2

15.002(a)(3). Their presence in Texas is comprised of various kiosks that they operate in malls in different Texas counties, including the Post Oak Mall in Brazos County. At these kiosks they sell body care products which they market as being from the Dead Sea. Defendants' organizational structure is such that their presence in each county where they have a kiosk is equally strong, and they therefore have a principal office in each of those counties. Defendants do not have a central location in Texas where the decision makers are located, but instead have several locations throughout the state, including Brazos County, where the decision makers are at an equal level. Defendants control and direct their daily affairs in Texas through decision makers of substantially equal responsibility and authority in those counties where they have a kiosk, including Brazos County.

### D. FACTS

8. On or about April 29, 2013, the Plaintiff was driving westbound on 19th Street in the far right lane. Maya Naggar – a woman approximately 20 years of age with a driver's license from Israel – was also traveling westbound on 19th Street, but in the lane directly next to the lane in which the Plaintiff was traveling. Suddenly and without warning Ms. Naggar decided that she was going to turn north (right) at the intersection of 19th Street and Indiana, and turned her vehicle in front of the Plaintiff's vehicle causing a crash resulting in the Plaintiff suffering serious property damage and bodily injury. Ms. Naggar was operating the vehicle in the course and scope of her employment for Defendants Seacret Spa, LLC, Seacret Spa Retail, LLC, and/or Dani Solomon. The Plaintiff was a university student in his final semester, and was preparing for final exams. The crash seriously and irreparably disrupted his final exam preparations by causing him

substantial pain and discomfort, diverting his limited time, and depriving him of transportation.

9. Should it be determined that the Plaintiff had any preexisting bodily conditions before the occurrence in question with respect to any area of his body that was affected by the crash in question, such preexisting bodily conditions were aggravated and worsened by the crash and have caused the Plaintiff pain and disability that did not exist before the crash.

10. Ms. Naggar's negligence was the sole proximate cause of the crash that resulted in the Plaintiff's bodily injury and property damages.

### E. COUNT 1 – NEGLIGENCE

11. Ms. Naggar, Defendants' employee, was negligent on the occasion in question because she owed the Plaintiff duties that she breached proximately causing the Plaintiff serious property damage and bodily injuries.

> A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others. Per statute, drivers have the duty to 'drive at a speed . . . [that] is reasonable and prudent under the circumstances[,]' *Tex. Transp. Code Ann.* § 545.351(a) (West 2011), and 'control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway[.]' *Id.* at § 545.351(b)(2). Drivers also have the general duty to keep a proper lookout. *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App. – San Antonio 2001, no pet.). 'The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience.' *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex. App. – Tyler 1992, writ denied). 'The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided." *Monies*, 61 S.W.3d at 510.

*Ciguero v. Lara*, ___ S.W.3d ___, 2015 WL 136197 (Tex. App. – El Paso January 9, 2015). On the occasion in question, Ms. Naggar breached her general duty to exercise the ordinary care that a reasonably prudent person would have exercised under the same or similar circumstances to avoid a foreseeable risk of harm to the Plaintiff. She had a duty to not turn or change lanes when it was unsafe to do so. She breached that duty and crashed into the Plaintiff' proximately causing the Plaintiff serious property damage and bodily injury. She also breached her duty to keep a proper look-out when she crashed into the Plaintiff's vehicle proximately causing the Plaintiff serious property damage and bodily injury.

12. The Defendants are vicariously liable to the Plaintiff under Respondeat Superior because Ms. Naggar was acting in the course and scope of her employment for the Defendants when she crashed into the Plaintiff.

13. Plaintiff seeks damages within the jurisdictional limits of this Court.

### F. COUNT 2 – NEGLIGENT ENTRUSTMENT

14. Defendants entrusted their vehicle to Maya Naggar. Ms. Naggar did not have a Texas driver's license, and was an incompetent, reckless driver. Defendants knew or should have known that Ms. Naggar did not have a Texas driver's license, and that she was an incompetent, reckless driver. Ms. Naggar was negligent at the time of Plaintiff's injuries. Defendants could reasonably have anticipated that entrusting their vehicle to Ms. Naggar would result in an injury. Ms. Naggar's negligence proximately caused injury to the Plaintiff, which resulted in serious property damage and bodily injury to the Plaintiff.

### G. JURY DEMAND

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### H. OBJECTION TO ASSOCIATE JUDGE

16. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

### N. PRAYER

17. For these reasons Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Reasonable and necessary medical expenses paid or incurred by the Plaintiff in the past;

   b. Reasonable and necessary medical expenses that the Plaintiff, in reasonable medical probability, will pay and/or incur in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering in the future;

   e. Mental anguish in the past;

   f. Mental anguish in the future;

   g. Physical impairment in the past;

   h. Physical impairment in the future;

   i. Property damages;

   j. Consequential damages;

   k. Costs of suit.

l.  Prejudgment and postjudgment interest at the highest rate allowed by law.

m.  All other relief, in law and in equity, to which the Plaintiff is entitled.

Respectfully submitted,

/s/ David Kallus

---

David Kallus
Attorney at Law
SBOT # 11082400
8000 Research Forest
Suite 115, No. 201
The Woodlands, Texas 77382
P: (713) 202-2524
F: (281) 292-1429
kallus@kalluslaw.com

7